**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| | § | |
| AVIS RENT A CAR SYSTEM, INC. | | § |
| CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-469 |
| | § | |
| JORGE SOCORRO ZEA, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

This case comes before the Court on removal from the 344th District Court of Chambers County, Texas.  For the reasons stated below, the Court **REMANDS** this case to the 344th District Court of Chambers County, Texas

**I. Background**

This case arises out of an accident that occurred on July 7, 2004 in Wallisville, Chambers County, Texas.  A group of Venezuelan firefighters rented three sports utility vehicles ("SUVs") from Third-Party Defendant Avis Rent a Car, Inc. ("Avis") in Miami, Florida, and were traveling west on IH-10 en route to Texas A&M University in College Station, Texas, when the accident occurred.   One of the SUVs, a 2004 Ford Explorer ("Explorer") being driven by Jose Andrew Gantes-Frias ("Gantes-Frias"), veered off the highway onto the shoulder and drove into a parked 2000 International Tractor, occupied by Daniel Hopper ("Hopper").  The Explorer contained four passengers in addition to the driver: Adelis Dinorah Idler-Alvares ("Idler-Alvares"), Antonio Jose Colmenares ("Colmenares"), Carolina Milagros Moreales-Linares ("Moreales-Linares"), and Jorge

Socorro Zea ("Zea") (collectively, "passengers").  Hopper and Zea are the only ones who survived the accident.

On July 25, 2005, Avis filed an Interpleader pursuant to Rule 43 of the Texas Rules of Civil Procedure in the 344th District Court, Chambers County, Texas, against the passengers of the Explorer and Hopper, to determine the beneficiaries of the secondary insurance coverage provided by Avis, which has a $40,000 policy limit.  On August 8, 2005, the estate of Gantes Frias filed an Intervention against Avis, Avis Enterprises, Inc., Cendant Car Rental Group, Inc., Cendant Auto Services, Inc., Cendant Cr Rental Operations Support, Inc., Cendant Operations, Inc., Cendant Corporation, and PV Holding Corp (collectively "Third-Party Defendants").  On August 9, 2005, the surviving passengers and the estate representatives for the deceased passengers (collectively "Third-Party Plaintiffs") filed their Original Answer to Avis's Interpleader, and they filed a Third-Party Petition against Third-Party Defendants. Hopper did the same.

At the time the Interpleader was originally filed, the amount in controversy was $40,000. Third-Party Plaintiffs assert that Florida law applies to this case, and they have alleged vicarious liability against Third-Party Defendants.  According to Third-Party Defendants, the vicarious liability caps in Florida are $600,000 per person and $800,000 per accident.  They now argue that as a result of the Third-Party Petition, they are in fact the "true defendants" in this lawsuit.  On August 29, 2005, Third-Party Defendants filed a Notice of Removal, asserting that there was complete diversity between the parties but for the fraudulent joinder of Third-Party Defendant Cendant Corporation,[1] and that the amount in controversy exceeded $75,000.  Third-Party Plaintiffs timely filed a Motion

---

[1]Third-Party Plaintiffs incorrectly alleged that Cendant Corporation maintained its principal place of business in Texas, when its principal place of business is actually New York.

to Remand on September 20, 2005.[2]

## II. Legal Standard

The federal removal statute provides that "[e]xcept as otherwise expressly provided ... any civil action brought in a State court of which the district courts ... have original jurisdiction, may be removed by the *defendant or defendants*, to the district court ... for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).  Because all claims arise under either Texas and Florida state law, the only possible basis for federal jurisdiction is diversity.  The federal diversity jurisdiction statute provides the district courts with jurisdiction over civil actions where the amount in controversy exceeds $75,000 and where the parties are citizens of different states.  28 U.S.C. § 1332(a).  The diversity statute has long been interpreted to mandate a rule of "complete diversity," meaning that the diversity statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."  *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 4677, 472, 136 L. Ed. 2d 437 (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806)).[3]  Generally, the plaintiff's complaint must allege facts

---

[2]Pursuant to 28 U.S.C. § 1447(a) "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

[3]The district court may discount non-diverse defendants if the removing party can show that the plaintiff fraudulently joined those defendants.  To prove fraudulent joinder, "[t]he removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts."  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).  "The removing party carries a heavy burden when attempting to prove fraudulent joinder."  *Id.*  (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995)).  Since this case is decided on other grounds, the issue of the alleged fraudulent joinder of Cendant Corp. is not reached.

showing that complete diversity exists. *See, e.g.*, *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 11254, 1258 (5th Cir. 1988). If the federal district court does not have subject matter jurisdiction over the case, the court must remand the case. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[4]

The central issue before the Court is whether third-party defendants are "defendants" for purposes of 28 U.S.C. § 1441(a), and therefore whether Third-Party Defendants properly removed this action to this Court. Neither the Supreme Court nor the Fifth Circuit have directly addressed the issue of whether § 1441(a) permits removal by third-party defendants. However, in *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S. Ct. 868, 85 L. Ed. 1214 (1941), the Supreme Court held that a counterdefendant was not a "defendant" for purposes of § 1441(a), and it instructed lower courts to strictly construe § 1441(a). *Id.* at 108–09. Many district courts across the country have addressed the issue of removal by third-party defendants, and turned to the Supreme Court's decision in *Shamrock Oil & Gas Corp.* on removal by counterdefendants for guidance. In conformance with the Supreme Court's instruction to strictly construe § 1441(a), the overwhelming majority view is that third-party defendants are not "defendants" with the meaning of that term as it is used in § 1441(a), and may not remove an action from state court.[5] *See First National Bank of Pulaski v. Curry*, 301 F.3d 456, 461–62 (6th Cir. 2002); *BJB Company v. Comp Air Leroi*, 148 F. Supp. 2d 751, 752–53 (N.D. Tex. 2001) (collecting cases); 14C Charles Alan Wright, Arthur R. Miller

---

[4]An order remanding a case to state court for lack of subject matter jurisdiction is not reviewable on appeal. 28 U.S.C. § 1447 (d).

[5]There are exceptions to this rule, but they are narrow. *See, e.g.*, *Central of Georgia Railway Co. v. Riegel Textile Corp.*, 426 F.2d 935, 937–38 (5th Cir. 1970) (finding removal under 1441(a) proper because third-party complaint was severed from the original action in state court and then properly removed to federal court).

& EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3731 (3d. ed. 1998).  This Court

adopts the majority position.

## IV.  Analysis

  Third-Party Plaintiffs argue that because § 1441(a) does not allow third-party defendants to

remove cases to federal court, this case should be remanded.  Third-Party Defendants respond that

the logic underlying the rule barring third-party defendants from removing an action from state court

does not apply in this case because the "true plaintiffs" in this lawsuit are actually the Third-Party

Plaintiffs and the Third-Party Defendants are in fact the "true defendants."

  For this argument, Third-Party Defendants cite *Lowe's of Montgomery, Inc. v. Smith*, 432 F.

Supp. 1008, 1012 (M.D. Ala. 1977).  In that case, the district court explained that to allow removal

by a third-party defendant would bring into federal court a suit between the original parties which

has no independent basis for federal jurisdiction.  *Id.*  Further, that permitting third- party removal

would allow a party unconnected with the original action to force the plaintiff into the federal forum

despite any possible efforts to plead out of federal court.  *Id.*  Third-Party Defendants argue, first,

that this logic does not apply to the present case because Avis has sought to dismiss its original

Interpleader, which is akin to a severance, and that this action, along with a realignment of the

parties, would render their removal proper in this case.  Second, that this Court must look beyond

the pleadings to the matters actually in controversy, and when taking this approach to the present

action, it is clear that the "true plaintiffs" are the Third-Party Plaintiffs and Intervenors, and that the

"true defendants" are the Third-Party Defendants.  Both of these arguments rely upon the Fifth

Circuit's decision in *Central of Georgia Railway Co. v. Riegel Textile Corp.*, 426 F.2d 935 (5th Cir.

1970), and both must fail.

  First, the circumstances of this case are distinguishable from those presented in *Riegel*.  The

central issue presented in that case was the removability of a third-party action that was severed from the original action in state court after remand but prior to a second removal to federal court. *Id.* at 937–38. In that case, the plaintiff filed his original complaint in state court, and then the defendant filed a third-party complaint against a third party for indemnity. *Id.* at 937. The third-party defendant then removed the entire case to federal court, where it was remanded back to state court. *Id.* At that point, the state court judge *severed* the third-party complaint from the original cause of action. *Id.* Again, the case was removed by the third-party defendant to federal court. *Id.* However, this time the federal court refused to remand the indemnity suit. *Id.* The Fifth Circuit upheld the district court's retention of the indemnity suit, finding that it did not have the effect of defeating the plaintiff's choice of forum and that the third-party defendant was just "as much a 'defendant' as if an original action had been brought against him." *Id.* at 938.

The key fact of *Riegel* is that the removal by third-party defendants was proper only *after the state court severed the third-party complaint from the original cause of action.* Here, the Third-Party Plaintiffs' Complaint has not been severed from the original cause of action. Third-Party Defendants attempted to effectuate this same result by seeking to have this Court dismiss its original Interpleader and realign the parties, and it now argues that this would achieve the same result as a severance. The problem with this proposed solution is that it ignores the fact that this case was improperly removed in the first instance, and therefore, this Court has no jurisdiction to dismiss its Interpleader or to realign the parties. This Court must observe the technicalities of the statutes that both grant and withhold its jurisdiction to hear cases, and this Court is without jurisdiction to hear this case.

Avis is free to seek dismissal of its Interpleader and realignment of the parties in state court. Should the state court grant such motions, and should Avis become the actual defendant in this

lawsuit, and if the case falls within the boundaries of federal subject matter jurisdiction, it will have the power to remove this case to federal court.  However, at the present time it does not have such power under § 1441(a).

## IV.  Conclusion

Because this cause of action was improperly removed by Third-Party Defendant and this Court is without jurisdiction under 28 U.S.C. § 1441(a), this Court respectfully **REMANDS** this case to the 344th District Court, Chambers County, Texas.  Each party is to bear its own taxable costs and expenses incurred herein to date.


**IT IS SO ORDERED**

**DONE** this 31st day of October, 2005, at Galveston, Texas.


_____

Samuel B. Kent
United States District Judge